BESSIE B. GREEN, and Others as Executors, etc., of WILLIAM GREEN, Deceased, Appellants, Respondents, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent, Appellant.

First Department, March 2, 1928.

Corporations — trust mortgage — liability of trustee to bondholders — mortgage was held void as to creditors — trustee not bound to secure further assurances from mortgagor — mortgage fixed liability of trustee and relieved it from any duty to file mortgage or procure additional instruments to perfect lien — no liability for negligence in drawing instrument — no liability for failure to file chattel mortgage since mortgage was void — no liability on trustee's certificate on bonds.

The plaintiff is a bondholder under a corporate trust mortgage of which the defendant is trustee. The mortgage was held to be void as to creditors by the Federal court on the ground that it permitted the mortgagor to sell the mortgaged property and use the proceeds for corporate purposes. The plaintiff cannot recover from the defendant on the ground that it was the duty of the defendant to procure any additional instrument from the mortgagor which would make the mortgage valid. The defendant was under no such obligation, and indeed,

could not compel the mortgagor to execute such an instrument for it would materially change the terms of the mortgage.

The duty of the defendant is fixed by the mortgage and under that instrument the defendant is specifically relieved from any duty to procure any additional instrument or further assurance or to do any act for the continuance or conservation of the lien of the mortgage. In view of this exemption clause no duty to procure an additional instrument from the mortgagor could be implied. That provision is not invalid as against public policy.

The plaintiff cannot recover from the trustee for any negligence in drawing the instrument for the defendant as trustee did not draft the instrument. It was drafted by the defendant on the employment of a third person and the draftsman owed no duty to future bondholders.

Failure to file the chattel mortgage does not make the defendant liable since while it was its duty to do so, the mortgage was void.

No cause of action can be based on the certificate indorsed by the trustee on the bonds, for that certificate simply means that the bond is one of a series, and it does not carry an implied warranty that the mortgage was valid as to creditors.

CROSS-APPEALS by the defendant and the plaintiffs from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 16th day of April, 1926.

Appeal by the defendant from an order entered on the 6th day of April, 1926, and from two orders entered on the 15th day of April, 1926.

Appeal by the plaintiffs from an order entered on the 15th day of April, 1926.

*Selden Bacon* of counsel [*Saul S. Myers*, attorney], for the plaintiffs.

*Graham Sumner* of counsel [*Louis Connick* and *Robert H. O'Brien* with him on the brief; *Ralph C. Taylor*, attorney], for the defendant.

McAvoy, J.   Both parties appeal in this case, but the plaintiffs' appeal is a mere defensive one, its object being to set aside a special finding known as the second special finding made by the jury as to the value of the good will of the business, such finding being inconsistent with the general verdict, if it be construed as finding the value of the good will in gross at the sum set ($84,561.69).

The suit is against the title company for negligence in failing to include in an indenture of mortgage on which corporate bonds were issued certain properties of the Leslie-Judge Company, and neglect in so drafting the instrument that the mortgage was subsequently declared void as to creditors by the United States Circuit Court of Appeals. The plaintiff was thus compelled to come in as a general creditor, since his lien was lost, and he with other creditors thereafter compromised his claim at twenty-five cents on the dollar.

He sues for damages which he claims were sustained by reason of the fact that the lien of the mortgage of the Leslie-Judge Company was so adjudged to be void as to creditors. He asserts that if the mortgage had been valid as to creditors, he would have received more than he did receive through the compromise in the bankruptcy proceedings. After the commencement of the action and before the trial, the original plaintiff Green died and his executors have been substituted.

The amended complaint charged that the defendant was guilty of negligence in preparing the mortgage, in failing to record the mortgage with the Register of Copyrights at Washington and in failing to refile the mortgage each year with the register of the county of New York. It also makes charges of misrepresentation based upon the contents of the trustee's certificates which the defendant had indorsed upon the bonds.

The plaintiff added a count of negligence to the effect that defendant failed to procure from the mortgagor, the Leslie-Judge Company, after the execution of the mortgage, an additional instrument of conveyance which would have cured the defect in the mortgage and made it valid as against creditors. This charge was not made in the amended complaint, but was allowed to be pleaded by amendment at trial.

The provision in the mortgage which gave the company the right to sell the property covered by the mortgage and use the proceeds for any corporate purpose, was the provision which the United States Circuit Court of Appeals held made the mortgage fraudulent as matter of law and void in toto as to creditors.

When the Leslie-Judge Company offered to creditors a composition of twenty-five per cent of the claims payable in cash, the offer was accepted by the then plaintiff and the composition was confirmed by the United States District Court into which the company had been brought in bankruptcy proceedings instituted by this plaintiff after his acquisition of the bonds. The amount which the plaintiff Green received under this composition was $189,625.12, which included $160,680.12 on his first mortgage bonds and $28,945 on his other debts.

At the trial the court charged the jury that the defendant was not liable to the plaintiffs for any negligence in drafting the mortgage or in failing to record or refile the mortgage or upon the representation in the trustee's certificate indorsed upon the bonds, but that the defendant might be held liable for failing to procure from the mortgagor, after the execution of the mortgage, an additional instrument of conveyance which would have cured the defect in the mortgage and made it valid as against creditors, and that the

measure of the plaintiffs' damage was the difference between what Green was actually entitled to receive through the composition in the bankruptcy proceedings and what he would have been entitled to receive if the mortgage had been valid as to creditors.

The jury found a general verdict in favor of plaintiffs. They also found a special verdict under two questions of fact submitted to them by the court.

The sole basis upon which the jury could have found damages against the defendant under the charge of the court was its failure to procure from the Leslie-Judge Company an additional instrument of conveyance which would have cured the defect in the mortgage and made it valid as against creditors. If this is not in law a ground of liability, the judgment cannot stand. We think it is no ground upon which liability could be based. The defendant owed no duty to any bondholder to procure from the Leslie-Judge Company any additional instrument of conveyance of any kind, and its failure to procure such an instrument of conveyance was not gross negligence or misconduct. It had no right to compel the Leslie-Judge Company to execute any additional instrument of conveyance or assuranced title which would have cured the defect in the mortgage and made it valid as against creditors. This would have changed the essential terms of the mortgage which defendant had no right to demand. The Leslie-Judge Company was not obligated to waive the right to sell property covered by the mortgage and use the proceeds for any corporate purpose, and hence the defendant trustee had no legal right or power to compel the Leslie-Judge Company to cure this defect in the mortgage which the Circuit Court held made it invalid as to creditors. Besides, it is clear that the duties which defendant as trustee owed to the bondholders of the Leslie-Judge Company, are fixed and determined by the provisions of the mortgage, and defendant could not be held liable to a bondholder for failure to perform a duty unless it had agreed to perform it.

The provisions of the mortgage which define the Leslie-Judge Company's and trustee's duties and those which exempt the defendant from liability for failure to comply with other tasks, are as follows:

"*Seventh.* The Company shall and will from time to time during the continuance of this trust and mortgage execute and deliver all such further instruments and conveyances as may be necessary to vest in said Trustee, its successor or successors, the within described property or to perfect the lien of this indenture or to facilitate the execution of said trust, and will forever warrant and defend the title to said property. * * *

"*Fifteenth.* It is covenanted and agreed * * * that the Trustee shall not be answerable * * * for anything except its own gross negligence or willful misconduct in the discharge of its duties. * * * The Trustee is under no obligation to record or file this indenture in any office whatsoever or to procure any additional instrument or further assurance or to do any act for the continuance or conservation of the lien hereof or for giving notice of the existence of such lien. * * * *"

In the face of this exemption provision no duty could be implied on the part of the trustee to procure any additional instrument or further assurance. Paragraph 15 makes it clear that the defendant expressly had it stipulated that it assumed no duty to procure any additional instrument or further assurance, and consequently no duty to enforce the obligations of the company under paragraph 7.

The trial court below held that this clause did not relieve the defendant from the duty to procure any additional instrument of conveyance because it was invalid as against public policy, but there is no decision which supports any such ruling. Many cases hold to the contrary that clauses of this character are valid.

As to the other grounds upon which recovery is claimed: That which is asserted because of negligence in drafting the agreement surely gives plaintiff no cause of action. The agreement was not drafted by the trustee, it was drafted by the Title Guarantee and Trust Company on the employment of the Standard Oil Company, and the draftsman owed no duty to future bondholders; he owed a duty only to his employers.

Neither is there actionable negligence in the failure to file the chattel mortgage in 1913. The exculpatory clause cannot avail. The only person who could file the chattel mortgage is the trustee, and it could not excuse itself from doing something which was absolutely necessary to the preservation of the lien. But there was no damage caused by the failure to refile the mortgage, because as to the chattels the mortgage was void *ab initio* as to creditors under the Circuit Court of Appeals decision, and thus refiling would have availed plaintiff nothing.

Plaintiffs' reliance on the trustee's certificate indorsed on the bonds founds no cause. The certificate meant no more than that the bond was one of a series described. It carried no implied warranty that the mortgage was valid as to creditors.

There is thus no basis upon which a recovery can be predicated.

The judgment and the orders appealed from by the defendant should, therefore, be reversed, with costs to the defendant, and the complaint dismissed, with costs. The appeal by plaintiffs from

the order denying their motion to set aside the special findings and the general verdict should be dismissed.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and orders appealed from by defendant reversed, with costs to defendant, and complaint dismissed, with costs. Plaintiffs' appeal from order dismissed.